**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**Philadelphia Division**

| Anthony Gigantino, *Debtor*. | Case No. 09-14139<br>Chapter 7 |
|---|---|

**Motion to Reopen Case and Provide Other Relief**

Debtor Anthony Gigantino, through his attorney, moves this Court as follows:

1. The Debtor filed a voluntary bankruptcy petition under chapter 7 on June 3, 2009.

2. A discharge order was entered on September 23, 2009, and this case was closed about two weeks later.

3. Since then, the Debtor was diagnosed with tinnitus, which was caused by using defective 3M earplugs while serving in Operation New Dawn with the U.S. Army in in Iraq between January 1, 2011, and December 22, 2011.

4. The Debtor was honorably discharged from the Army, and this Court and other institutions of our federal system are made possible in part by his service and sacrifice.

5. The Debtor later sued 3M and was awarded a settlement as part of the Combat Arms Earplugs Settlement Program, which is calculated as follows:

| Gross Settlement | $10,000.00 |
|---|---|
| Common Benefit Fee | ($900.00) |
| Nonbankruptcy Attorney Fees/Costs | ($4,404.84) |
| Settlement Administration Fees | ($50.00) |
| Bankruptcy Attorney Fees | ($500.00) |
| Amount Payable to Debtor | $4,145.16 |

6. Documents supporting the above are attached as Exhibit A.

7. Because even lawyers have trouble understanding the convoluted laws Congress has patched together to form the Bankruptcy Code, the settlement administrator is concerned that the Debtor's award might be property of the estate and will not release it until an authority determines otherwise.

8. Because the award stems from an injury that happened after this case was filed, discharged, and closed, it cannot be a part of the estate.

## Grounds for Relief

9. The Court may reopen this case to provide relief to the Debtor. 11 U.S.C. § 350.

10. Time and again, Congress has reaffirmed its intent to "make sure our bankruptcy system is serving our veterans [who] deserve an opportunity to get back on their feet with dignity," and "make[] the Bankruptcy Code work better and more fairly for our Nation's veterans and those who depend on them . . . ." 165 Cong. Rec. H7215 (2019) (statements of Rep. McBath and Rep. Cline).

11. Congress's intent of recognizing the sacrifices of combat veterans and offering them additional protections and benefits is consistent throughout the Bankruptcy Code. 11 U.S.C. § 707(b)(2)(D) (exempting certain veterans from means testing); 11 U.S.C. § 522(d)(10)(B) (exempting veterans benefits from the bankruptcy estate); 11 U.S.C. § 109(h)(4) (exempting certain service members from the credit counseling requirement); 11 U.S.C. § 101(10A) (excluding certain veteran benefits payments from a debtor's budget and means test).

12. This Court must adhere to the laws written by Congress, unless the result would be absurd. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). An interpretation is absurd when it is irrational, nonsensical, or produces a result that Congress could not have intended. *United States v. Fontaine*, 697 F.3d 221, 228 (3d Cir. 2012).

13. The need to reopen this case reflects the notorious deficiencies and ambiguities of the Bankruptcy Code, which include "spelling errors, erroneous statutory cross-references, incorrect grammar and terminology references, and mistakes in punctuation." 162 Cong. Rec. H7158 (2010) (statement of Rep. Scott).

14. The Court "may waive [the fee to reopen a case] under appropriate circumstances." Bankruptcy Court Miscellaneous Fee Schedule, Item 11.

15. Because Congress intends that the Bankruptcy Code provide protections and benefits to veterans, it could not intend that the Debtor would be required to pay a filing fee to reopen this case to obtain an award associated with injuries he sustained in active combat from defective protective equipment provided to him by the United States.

16. Because requiring the fee under these circumstances would be absurd, Congress could not have intended that it would be required here.

17. The Court may use its equitable authority "to issue an[] order [if] necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

## Request for Relief

18. The Debtor requests that the Court reopen this case.

19. The Debtor requests that the Court waive the filing fee.

20. The Debtor request that the Court determine that the settlement is not part of his bankruptcy estate.

For those reasons, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: June 19, 2024

CIBIK LAW, P.C.
*Attorney for Debtor*

By: /s/ Mike Assad

Mike Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com